Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2013 JUL -2 AM 11: 34

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

RAMON A. DE PLATA,                    )        CIVIL CASE NO. DM0113-12
                                      )
            Plaintiff,                )
                                      )        **DECISION AND ORDER
    vs.                               )        ON MOTION STRIKE**
                                      )
BERNITA R. DE PLATA,                  )
                                      )
            Defendant.                )
                                      )
                                      )
_____)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 25, 2013 on Defendant's Motion to Strike. Plaintiff Ramon De Plata was represented by Attorney William Gavras. Defendant was represented by Attorney Seaton M. Woodley, III. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

On February 21, 2012, Plaintiff Ramon De Plata filed his Verified Complaint for Divorce; to which Defendant Bernita De Plata filed her Answer and Counterclaim on Mach 1, 2012. Plaintiff filed his First Amended Complaint on September 20, 2012 pursuant to stipulation by parties.

In his First Amended Complaint, Plaintiff alleged:

> At the time of the marriage and continuing thereafter, Defendant committed adultery inflicted extreme mental cruelty on Plaintiff, and there have been irreconcilable differences between Plaintiff and Defendant warranting the Court's granting a Decree of Divorce unto the Plaintiff.

*First Amended Complaint*, Sep. 20, 2013 ¶ 6. On March 5, 2013, Defendant filed her Motion to Strike Plaintiff's Grounds for Divorce. In the motion, Defendant cites

Plaintiff's response to interrogatories which lists the co-actors to Defendant's alleged adultery. Each of the alleged co-actors to Defendant's adultery is female. It is Defendant's argument that two persons of the same sex cannot commit adultery as defined by 19 G.C.A. § 8204.

Plaintiff filed his Opposition to the Motion on March 21, 2013. He cites numerous cases in which the Courts in the respective jurisdictions found homosexual conduct as sufficient grounds for adultery. For the reasons set forth below, this Court now denies the motion to strike.

## DISCUSSION

Motions to strike portions of pleadings are governed by Rule 12 of the Guam Rules of Civil Procedure. The Rule provides:

> Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Guam R. Civ. P. 12(f). Dissolution of marriage may be granted for adultery, which is defined as "the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." *See* 19 G.C.A. §§ 8203-8204.

Defendant cites to New Hampshire precedent which decided the issue found here. In <u>Blanchflower v. Blanchflower</u>, the New Hapshire Supreme Court wrote, "[t]he plain and ordinary meaning of adultery is 'voluntary sexual intercourse between a married man and someone other than his wife or between a married woman and someone other than her husband.'" 150 N.H. 226, 227 (2003) (citing Webster's Third New International Dictionary 30 (unabridged ed.1961)). "Although the definition does not specifically state that the 'someone' with whom one commits adultery must be of the opposite gender, it does require sexual intercourse." *Id.*

The New Hampshire Court continued:

> The plain and ordinary meaning of sexual intercourse is "sexual connection esp. between humans: COITUS, COPULATION." *Webster's Third New International Dictionary* 2082. Coitus is defined to require

-2-

"insertion of the penis in the vagina[ ]," *Webster's Third New International Dictionary* 441, which clearly can only take place between persons of the opposite gender.

Defendant now asks this Court to adopt such a definition in granting the motion to strike. This Court declines to do so for the following reasons: 1) the definition Defendant asks this Court to adopt is outmoded and outdated; 2) the cases cited by Plaintiff clearly indicate that numerous jurisdictions find adultery to be a legal possibility as it pertains to homosexual extramarital activity; and 3) the result Defendant seeks runs contrary to logic.

The definitions used by the New Hampshire Court in Blanchflower come from a 1961 version of Webster's Dictionary. Today, Webster's defines intercourse as follows:

> 1: connection or dealings between persons or groups;
> 2: exchange especially of thoughts or feelings;
> 3: physical sexual contact between individuals that involves the genitalia of at least one person.

Merriam-Webster, www.merriam-webster.com/dictionary/intercourse (last visited Jun. 21, 2013). Additionally, Webster's now defines sexual intercourse as follows:

> 1: heterosexual intercourse involving penetration of the vagina by the penis;
> 2: intercourse (as anal or oral intercourse) that does not involve penetration of the vagina by the penis.

Merriam-Webster, www.merriam-webster.com/dictionary/sexual+intercourse (last visited Jun. 21, 2013). Thus, the Blanchflower definitions are too narrow when considering the modern prevailing view on the definitions of intercourse and sexual intercourse. Under today's broader definitions, intercourse and adultery need not be limited to heterosexual conduct.

Plaintiff cites to numerous cases in which the jurisdiction found homosexual conduct was capable of supporting an adultery claim. See Owens v. Owens, 274 S.E.2d 484 (Ga. 1981); see also Alphonso v. Alphonso, 422 So. 2d 210 (La.Ct. App. 4th Cir. 1982); S.B. v. S.J.B., 258 N.J. Super. 151 (Ch. Div. 1992); Rera v. Rera, 100 Misc. 2d 670 (Sup 1979). This Court acknowledges that none of these cases are

Decision and Order
Case No. DM0113-12

controlling. However, they and the numerous others cited in Plaintiff's Opposition are indicative of the prevailing view on whether homosexual conduct may constitute adultery.

At oral arguments, Defendant summarized by saying if the Legislature wished for homosexual conduct to constitute adultery, then the statutes must be changed and it is not for the Court to insert its own definitions. Plaintiff countered that although it is dangerous to attempt to get in the minds of the Legislature, particularly one dating as far back as to the inception of our divorce statutes, it makes no logical sense to think they would frown upon heterosexual extramarital conduct and embrace homosexual extramarital conduct. This Court agrees with Plaintiff.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Plaintiff's Ground for Divorce is hereby **DENIED**.

The parties are ordered to submit a proposed Scheduling Order and Discovery Plan by the next Scheduling Conference on August 5, 2013 at 2:00 p.m.

It is **SO ORDERED** this 28th day of June, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

JUL 0 1 2013

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 0 2 2013

Esther L. S. Pinaula
Deputy Clerk, Superior Court of Guam

**ORIGINAL**